IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
|  | : |  |
| IN RE | : | CIVIL ACTION |
| JEFFREY R. PIERSON | : | NO. 08-1015 |
|  | : |  |

## MEMORANDUM

**Jones, J.**                                                                                              **May 19, 2009**

Jeffrey R. Pierson appeals the decision of the Bankruptcy Court for the Eastern District of Pennsylvania (Richard E. Fehling, C.J.) to dismiss the debtor's case pursuant to 11 U.S.C. § 1307.  As explained herein, the appeal will be denied and the decision of the Bankruptcy Court will be affirmed.

## I.      Legal Standard

This Court has jurisdiction over the bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). "[T]he findings of fact made by the bankruptcy court may be reversed only for clear error."  In re Nelson Co., 959 F.2d 1260, 1263 (3d Cir. 1992) (citing Brown v. Pa. State Employees Credit Union, 851 F.2d 81, 84 (3d Cir. 1988)); see also Fed. R. Bankr. P. 8013.  For mixed questions of law and fact, the court "exercise[s] plenary review of the legal standard applied by the ... [B]ankruptcy [C]ourt[ ], but review[s] the [Bankruptcy] [C]ourt's findings of fact on a clearly erroneous standard."  In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 147 (3d Cir. 1986) (citing Universal Minerals v. C.A. Hughes & Co., 669 F.2d 98, 103 (3d Cir. 1981)).  "Legal questions are subject to plenary review."  Nelson, 959 F.2d at 1263 (citing Brown, 851 F.2d at 84); see also Fed. R. Bankr. P. 8013.

II.     **Background**

Mr. Pierson filed his first Chapter 13 Plan on March 16, 2005.  He filed an Amended Chapter 13 Plan on August 30, 2005.  He filed a Second Amended Chapter 13 Plan on November 28, 2005.  This Second Amended Chapter 13 Plan was confirmed on January 12, 2006.  The Plan required Mr. Pierson to make monthly payments followed by a lump sum payment at the end of the designated period by either collecting on a judgment or refinancing his mortgage.

On April 13, 2007, the Standing Chapter 13 Trustee filed a Motion to Dismiss, asserting that Mr. Pierson had failed to comply with the terms of the confirmed plan – namely, that Mr. Pierson had failed to consistently make monthly payments, failed to collect on a judgment, and failed to make efforts to refinance his mortgage.  The Bankruptcy Court held hearings on the Trustee's Motion on May 3, 2007 and June 1, 2007.  Subsequent to the June 1 hearing, the Bankruptcy Court took additional briefing.  On June 14, 2007, the Bankruptcy Court granted the Trustee's Motion and dismissed Mr. Pierson's case.  Mr. Pierson filed a Motion for Reconsideration, which the Bankruptcy Court denied in its October 9, 2007 Order.  In addition, the Bankruptcy Court issued a September 27, 2007 Order relating the testimony of Mr. Thomas Taylor.  Mr. Pierson filed Motions for Reconsideration of both orders.  A hearing was held and the Bankruptcy Court denied the Motions for Reconsideration on January 28, 2008.

Mr. Pierson timely filed a notice of appeal, but he did not file a designation of contents for inclusion in the record on appeal or a statement of the issues he intended to raise on appeal. In his appeal briefing, Mr. Pierson stated that he appeals "the primary Order of June 14, 2007 with subsequent Orders of September 27, 2007 and January 23, 2008, Dismissing the Main Chapter 13 Case of Appellant."  These Orders comprise the Bankruptcy Court's decision to

dismiss the debtor's case pursuant to 11 U.S.C. § 1307.

## III.    Discussion

The Court is aware that being a Debtor in bankruptcy – especially one proceeding *pro se* – can be a daunting prospect.  However, the Court is compelled to note that the vast majority of Mr. Pierson's 48-page appellate briefing is unintelligible.  With all due respect, Mr. Pierson's arguments are confusing, at times nonsensical, and to the extent they can even be made out stray wide afield from the issue on appeal.  Mr. Pierson appears convinced that every party involved in his bankruptcy proceedings is involved in a vast conspiracy against him.  Mr. Pierson even attacks the integrity of the Bankruptcy Court by alleging that it has allowed many  "RICO violations" by the Trustee and every creditor (who Mr. Pierson also accuses of outright lies, generally fraudulent conduct, extensive discovery abuses, accounting fraud, and criminal wrongdoing).[1]  To the extent the Court can identify Mr. Pierson's assertions beyond the issue of the § 1307 motion to dismiss, they are not supported by the record and the Court is unpersuaded as to their merit.

### A.    Failure to File a Designation of Contents and a Statement of the Issues on Appeal

Bankruptcy Rule of Procedure 8006 provides that "[w]ithin 10 days after filing the notice of appeal...the appellant shall file with the clerk...a designation of items to be included in the record on appeal and a statement of the issues to be presented."  Fed. R. Bankr. P. 8006.  In this matter, Mr. Pierson failed to file his designation of record and statement of issues to be

---

[1] To remedy these crimes, Mr. Pierson requests reinstatement of his bankruptcy case and its transfer out of the Bankruptcy Court to the "Federal Civil District Court of the Sixth District of Philadelphia, Pennsylvania" onto the docket of the Hon. Michael M. Baylson.

presented.  However, likely in recognition of the leeway the Third Circuit has stated should be provided to *pro se* litigants, the Hon. Paul Diamond allowed the appeal to proceed and ordered Mr. Pierson to designate, file and serve a full record of the proceedings in the Bankruptcy Court. Mr. Pierson has done so.  Such is sufficient for the Court to make a determination on the record. Moreover, the Court is satisfied, as reflected by the Trustee's brief, that (although Mr. Pierson's briefing was highly problematic) the Trustee had notice of and understood the issue on appeal - namely, the dismissal of Mr. Pierson's case pursuant to § 1307.  Accordingly, the Court has examined Mr. Pierson's appeal on the merits.

      **B.**      **Dismissal of the Case Under Section 1307**

      Section 1307(c) provides a Bankruptcy Court with the power to dismiss a bankruptcy case for "cause." 11 U.S.C. § 1307(c).  A Bankruptcy Court has considerable discretion in determining whether "cause" exists and whether dismissal is the appropriate remedy.  E.g., In re Orawsky, 387 B.R. 128, 137 and n. 15 (Bankr. E.D. Pa. 2008) (citing cases); 8 Collier on Bankruptcy, ¶ 1307.04[4] (15th ed., rev.) ("As under the other subsections of section 1307(c) [i.e., sections other than § 1307(c)(4) ], the court's power to dismiss or convert is discretionary.").  See also In re Dixon, Slip Op., 2009 WL 151688, *2 (Bankr. E.D. Pa., 2009); In re Henry, 368 B.R. 696, 699 (N.D. Ill. 2007) (same).  Section 1307(c) provides a non-exclusive list of grounds constituting cause, including "unreasonable delay that is prejudicial to creditors."  11 U.S.C. § 1307(c). Although the statute makes no express mention of "bad faith," it is well established that lack of good faith may also be cause for dismissal under § 1307(c).  In re Lilley, 91 F.3d 491 (3rd Cir. 1996).  Good faith must be assessed based on the totality of the circumstances, including but not limited to factors such as the timing of the petition, the nature of the debt, whether the debtor

has been forthcoming with the Bankruptcy Court and the creditors, and the debtor's motivation in filing the petition.  Id.  Accordingly, the decision to dismiss Mr. Pierson's case pursuant to § 1307 can be, as here, based on findings of fact concerning lack of good faith.  The burden is therefore on Mr. Pierson to demonstrate that the Bankruptcy Court's findings of fact are completely erroneous.

The Bankruptcy Court found that Mr. Pierson had not consistently made required payments nor made efforts to obtain refinancing as his confirmed plan required.  See June 14, 2007 Order.  As such, the Bankruptcy Court concluded that Mr. Pierson had not proposed a good faith plan and had not acted as a debtor interested in treating his creditors fairly.  Based on substantial evidence, the Court then found that Mr. Pierson  had been "unquestionably in default and delinquent."  See Tr. of Jan. 23, 2008 hearing.

The Court agrees with the Trustee that Mr. Pierson has failed to demonstrate how the Bankruptcy Court erred in the decision to dismiss his case.  Mr. Pierson's briefing does not address the substance of the Orders at issue in any way that could carry the burden of demonstrating to this Court that the findings of fact made by the Bankruptcy Court were clearly erroneous.  However, once again in recognition of the need to treat *pro se* litigants with care, this Court has gone beyond Mr. Pierson's briefing and reviewed in depth the relevant hearing transcripts and Orders of the Bankruptcy Court.  Upon doing so, the Court finds that there is indeed no basis for holding that the Bankruptcy Court's findings of fact were clearly erroneous; to the contrary, they appear quite reasonable and well-informed.  To put it mildly, Judge Fehling bent over backwards to allow Mr. Pierson to present evidence, argue his case, and defend his actions, and Judge Fehling made careful findings of fact supported by the record evidence.

Accordingly, this Court concludes that the dismissal of Mr. Pierson's case fell within the discretionary power of the Bankruptcy Court and was not clearly erroneous.

**IV.     Conclusion**

It is therefore for all of the above reasons that the Court finds no error in the well-reasoned decision of the Bankruptcy Court.  The appeal of Mr. Pierson is hereby denied in accordance with the attached order.